United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41554
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LUIS MANUEL DUENAS-ALEMAN,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-657-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Luis Manuel Duenas-Aleman ("Duenas") appeals his sentence

from a guilty-plea conviction for reentry of a deported alien, in

violation of 8 U.S.C. § 1326.  Duenas argues that his sentence

should be vacated and remanded because the district court

sentenced him under the mandatory Guidelines scheme held

unconstitutional in United States v. Booker, 543 U.S. 220 (2005).

     Because the district court sentenced Duenas under a

mandatory Guidelines regime, it committed Fanfan error.  See

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>United States v. Valenzuela-Quevado</u>, 407 F.3d 728, 733 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 267 (2005); <u>see</u> <u>also</u> <u>United States v. Walters</u>, 418 F.3d 461, 463 (5th Cir. 2005)(discussing the difference between Sixth Amendment <u>Booker</u> error and <u>Fanfan</u> error).  "[I]f either the Sixth Amendment issue presented in <u>Booker</u> or the issue presented in <u>Fanfan</u> is preserved in the district court by an objection, we will ordinarily vacate the sentence and remand, unless we can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure." <u>United States v. Pineiro</u>, 410 F.3d 282, 284-85 (5th Cir. 2005) (internal quotation marks and citation omitted).  The Government concedes that Duenas's objection on the basis of <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), was sufficient to preserve his <u>Fanfan</u> claim.

We conclude that the Government has not met its burden of showing beyond a reasonable doubt that the district court would have imposed the same sentence absent the error.  <u>See</u> <u>Pineiro</u>, 410 F.3d at 286; <u>United States v. Garza</u>, 429 F.3d 165, 170-71 (5th Cir. 2005).  We therefore VACATE Duenas's sentence and REMAND for re-sentencing.

Duenas also challenges the constitutionality of 8 U.S.C. § 1326(b).  His constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Duenas contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule

<u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Duenas properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.  Accordingly, Duenas's conviction is AFFIRMED.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.